UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THERESA DICKINSON, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) |
| | ) |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INC., | ) |
| | ) |
| Defendant. | ) February 24, 2004 |

## NOTICE OF REMOVAL

TO:   Clerk of District Court               Civil Clerk's Office
      U.S. District Court                   Judicial District of Middlesex
      District of Connecticut               at Middletown
      450 Main Street                       1 Court Street
      Hartford, CT 06103                    Middletown, CT 06457

      Andrew Houlding, Esq.
      Rome McGuigan Sabanosh
      One State Street
      Hartford, CT 06103

PLEASE TAKE NOTICE that Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. (hereinafter "Merrill Lynch" or "Defendant") removes this action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1331, 1332 and 1441 *et seq.* The grounds for removal are:

1.   Plaintiff Theresa Dickinson commenced this action on January 21, 2004, in the Superior Court for the Judicial District of Middlesex at Middletown, Connecticut, CV-04-0103631-S. True and correct copies of the Summons and Complaint filed by Ms. Dickinson are attached to this notice as Exhibit A.

2. Upon information and belief, as alleged in the Complaint, Plaintiff Theresa Dickinson was, at the commencement of this action, and is now an adult residing in East Haddam, Connecticut, and is a resident, domiciliary and citizen of the State of Connecticut, and no other state.

3. Defendant Merrill Lynch was, at the commencement of this action, and is now a Delaware Corporation with its principal place of business in New York, New York.

4. Defendant first received a copy of the Summons and Complaint by service or otherwise on January 27, 2004.

5. This Court has original jurisdiction of this action under the federal question provisions of 28 U.S.C. § 1331. Furthermore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Accordingly, this entire action may be removed to this Court pursuant to 28 U.S.C. § 1441.

6. This Court also has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. With respect to the amount in controversy, Plaintiff seeks recovery of damages for gender discrimination, negligent infliction of emotional distress, defamation, breach of contract, and breach of the covenant of good faith and fair dealing. Additionally, Plaintiff seeks recovery of punitive damages and attorneys' fees and costs, as well as other unspecified relief. (See Complaint, p. 7.) These claims will exceed the sum or value of $75,000.

8. Defendant has not answered or made any motion with respect to the Summons and Complaint herein, and Defendant has neither waived nor prejudiced in any way its

right to remove this action to a district court of the United States. The pleadings filed by Plaintiff initiating this suit, attached hereto as Exhibit A, constitute the only pleadings filed to date in this action.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant on this date filed a notice in the Superior Court of the State of Connecticut, Judicial District of Middlesex at Middletown, notifying the court of the filing of this petition. A copy of the Notice of Removal filed in the Superior Court is attached as Exhibit B.

10. This Notice of Removal is filed within 30 days of receipt by Defendants of Plaintiff's Amended Complaint asserting federal claims.

WHEREFORE, Defendant Merrill Lynch, Pierce, Fenner & Smith Inc., having provided notice as required by law, now removes the above-captioned action from the Superior Court for the Judicial District of Middlesex at Middletown to the United States District Court for the District of Connecticut.

THE DEFENDANT,
MERRILL LYNCH, PIERCE, FENNER
& SMITH INC.,
BY MCCARTER & ENGLISH
ITS ATTORNEYS

By /s/ Robert Gallo
Gregory B. Nokes (CT 06095)
Robert J. Gallo (CT 19982)
CityPlace I, 185 Asylum Street
Hartford, CT 06103
(860) 275-6700

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing NOTICE OF REMOVAL was mailed, by certified mail, return receipt requested, postage prepaid, this 24 th day of February, 2004, to :

> Andrew Houlding, Esq.
> Rome McGuigan Sabanosh
> One State Street
> Hartford, CT  06103

Robert J. Gallo

HARTFORD: 608094.01

Exhibit A

JAN 27 2004

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259. P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

"X" ONE OF THE FOLLOWING:
Amount, legal interest or property in demand, exclusive of interest and costs is:
☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more

("X" if applicable)
☐ Claiming other relief in addition to or in lieu of money or damages.

**INSTRUCTIONS**
1. Type or print legibly: sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.) (Must be a Tuesday) **2/24/04**

☒ JUDICIAL DISTRICT  ☐ HOUSING SESSION  ☐ G.A. NO.   AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) **Middletown**

CASE TYPE (See JD-CV-1c) Major **C** Minor **90**

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
**1 Court Street, Middletown, CT 06457**

TELEPHONE NO. (with area code) **(860) 343-6400**

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) NOTE: Individuals' Names: Last, First, Middle Initial | Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | DICKINSON, THERESA 123 Daniel Peck Road, East Haddam, CT 06423 | | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED DEFENDANT | MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. | | 50 |
| Additional Defendant | C/o Margaret Watson, Vice President and Senior Counsel, Merrill Lynch 222 Broadway, 16th Floor, New York, NY 10038 | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 1/20/04 | [signature] | | Andrew Houlding, Esq. |

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)
**Rome McGuigan Sabanosh, One State St., Hartford, CT 06103**

TELEPHONE NUMBER **(860)549-1000**   JURIS NO. (If atty. or law firm) **27726**

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)
**Victoria L. Montalvo, One State Street, Hartford, CT 06103**

SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS. | # DEFS. | # CNTS. | SIGNED (Official taking recognizance; "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | For Court Use Only FILE DATE |
|---|---|---|---|---|---|
| 1 | 1 | 7 | [signature] | | |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

COPY

| | |
|---|---|
| RETURN DATE: FEBRUARY 24, 2004 : | SUPERIOR COURT |
| THERESA DICKINSON : | J.D. OF MIDDLESEX |
| V. : | AT MIDDLETOWN |
| MERRILL LYNCH, : | |
| PIERCE FENNER & SMITH : | JANUARY 21, 2004 |

## COMPLAINT

1. Plaintiff Theresa Dickinson is a resident of East Haddam, Connecticut.

2. Defendant Merrill Lynch, Pierce Fenner & Smith Inc., (the "Firm" or "Defendant") is a Delaware corporation with a principal place of business in New York and several offices in Connecticut. Defendant employs approximately 500 people in its retail brokerage business within Connecticut, and employs thousands of others nationally.

3. Plaintiff filed a complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) and simultaneously with the Equal Employment Opportunities Commission (EEOC). On December 9, 2003, the CHRO released Plaintiff's complaint from its jurisdiction and issued a "right to sue" letter.

4. Plaintiff, a married female and mother of two (2) children, became employed by the Firm in November, 2000 as a Financial Advisor, working out of the Firm's Middletown office. In November, 2002, the Firm announced that it would close

Rome McGuigan Sabanosh, P.C. • Attorneys at Law
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

the Middletown office, and Plaintiff was transferred to the Firm's Madison office effective December 1, 2002.

5. Although she was expected to work out of the Firm's Madison office, the male office manager in Madison, Elliot Popper, failed to ensure that she had a working computer station there, and Plaintiff was unable to access her interoffice e-mail, nor could she access the Firm's computerized client information.

6. The Save the Children Foundation (the "Foundation"), based in Westport, Connecticut, was one of Plaintiff's clients. On or about December 4, 2002, Joe Stango, the male manager of Defendant's Middletown branch office, reviewed and approved a Letter of Authorization (LOA) for the wire transfer of $225,000 out of the Foundation's account. Plaintiff did not then see the LOA, and was not informed of its receipt in the Middletown office. Plaintiff did not see the LOA until one week later, after the wire transfer had been completed.

7. The LOA was an obvious forgery, and was used by an individual unknown to Plaintiff to defraud Plaintiff's client of $225,000. Defendant's internal procedures for authenticating LOA's were either not followed or were inadequate.

8. Although Plaintiff had not seen the forged LOA until after it had been approved and processed by Stango, Plaintiff was interrogated by Defendant in an adversarial manner that was designed to, and did, intimidate and upset her.

- 2 -

Rome McGuigan Sabanosh, P.C. • Attorneys at Law
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Defendant's investigation was flawed, biased, unfair, and incomplete. Following this investigation, Plaintiff's employment was terminated.

9. Defendant imposed no significant discipline on Stango, even though he had reviewed and approved the obviously forged LOA.

10. Defendant published a statement that Plaintiff gave "conflicting information during the course of an internal review" and "failed to adequately service a client's account" as the reasons for her termination. These statements were false and harmful to Plaintiff's reputation.

11. In the process leading to its termination of Plaintiff, Defendant badgered, interrogated, and intimidated Plaintiff and caused her emotional distress.

12. The reasons given by Defendant for terminating Plaintiff were false and concocted as a pretext for Defendant's true reasons, which included discrimination against her and protection of Stango, the male manager of the Middletown office.

**Count One:**

1-12. Paragraphs 1-12 above are hereby incorporated as Paragraphs 1-12 of this Count.

13. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of 42 U.S.C. 2000e *et seq.*

14. Plaintiff was damaged thereby.

- 3 -

**Count Two:**

1-12. Paragraphs 1-12 above are hereby incorporated as Paragraphs 1-12 of this Count.

13. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of Conn. Gen. Stat. §46a-60.

14. Plaintiff was damaged thereby.

**Count Three:**

1-12. Paragraphs 1-12 above are hereby incorporated as Paragraphs 1-12 of this Count.

13. Defendant should have realized that its conduct in the process leading to Plaintiff's termination involved an unreasonable risk of causing Plaintiff emotional distress that might result in illness or bodily harm.

14. Defendant negligently inflicted emotional distress upon Plaintiff in the termination process.

15. Plaintiff was damaged thereby.

**Count Four:**

1-12. Paragraphs 1-12 above are hereby incorporated as Paragraphs 1-12 of this Count.

13. Defendant had a duty to Plaintiff to conduct its investigation into the funds transfer in a fair, thorough, and balanced fashion.

14. Defendant breached its duty to Plaintiff inasmuch as it conducted its investigation unfairly and in a biased and discriminatory manner, failed to perform a thorough and impartial investigation, and reached erroneous conclusions based upon false or ill-considered facts.

15. Plaintiff was damaged thereby.

**Count Five:**

1-12. Paragraphs 1-12 above are hereby incorporated as Paragraphs 1-12 of this Count.

13. Defendant knew that its stated reasons for terminating Plaintiff were false, but it published those reasons in reckless disregard for their falsity. Defendant was not privileged to publish such a false statement.

14. Defendant's false publication caused harm to Plaintiff's reputation and effectively made it impossible for her to regain employment as a financial advisor.

15. Plaintiff was damaged by Defendant's conduct.

**Count Six:**

1-12. Paragraphs 1-12 above are hereby incorporated as Paragraphs 1-12 of this Count.

- 5 -

13. Plaintiff was employed pursuant to a contract that provided she would be terminated only for cause.

14. Defendant lacked cause when it terminated Plaintiff.

15. Defendant breached its contract with Plaintiff.

16. Plaintiff was damaged thereby.

**Count Seven:**

1-12. Paragraphs 1-12 above are hereby incorporated as Paragraphs 1-12 of this Count.

13. Plaintiff was employed pursuant to an employment contract.

14. Defendant owed Plaintiff a duty to act in good faith and to deal fairly with her in its performance of the employment contract.

15. Defendant breached its duty of good faith and fair dealing in its conduct toward Plaintiff and its termination of her employment.

16. Plaintiff was damaged thereby.

- 6 -

**WHEREFORE, PLAINTIFF CLAIMS:**

1. Monetary damages;
2. Punitive damages;
3. Attorneys' fees and costs; and
4. Such other further and additional relief as the court may deem just and reasonable.

THE PLAINTIFF,
THERESA DICKINSON

By: _____
Andrew Houlding, Esq.
Rome McGuigan Sabanosh P.C.
One State Street
Hartford, CT 06103
Phone: (860) 549-1000
Fax: (860) 724-3921
Juris No. 27726
Her Attorney

Rome McGuigan Sabanosh, P.C. • Attorneys at Law
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

| | |
|---|---|
| RETURN DATE: FEBRUARY 24, 2004 : | SUPERIOR COURT |
| : | |
| THERESA DICKINSON : | J. D. OF MIDDLESEX |
| : | |
| V. : | AT MIDDLETOWN |
| : | |
| MERRILL LYNCH, : | |
| PIERCE FENNER & SMITH : | JANUARY 21, 2004 |

## STATEMENT OF THE AMOUNT IN DEMAND

The amount in demand is more than $15,000.00, exclusive of interests and costs.

THE PLAINTIFF,
THERESA DICKINSON

*/s/ Andrew Houlding*
Andrew Houlding
Attorney for the Plaintiff

10901-2/367597

- 8 -

EXHIBIT B

RETURN DATE: FEBRUARY 24, 2004

| | |
|---|---|
| THERESA DICKINSON, ) | SUPERIOR COURT |
| ) | |
| Plaintiff, ) | JUDICIAL DISTRICT OF |
| ) | MIDDLESEX AT MIDDLETOWN |
| v. ) | |
| ) | |
| MERRILL LYNCH, PIERCE, FENNER & ) | |
| SMITH INC., ) | |
| ) | |
| Defendant. ) | February 24, 2004 |

## NOTICE OF FILING NOTICE OF REMOVAL

To:     Civil Clerk's Office              Andrew Houlding, Esq.
       Superior Court                    Rome McGuigan Sabanosh
       Judicial District of Middlesex    One State Street
       at Middletown                  Hartford, CT 06103
       1 Court Street
       Middletown, CT 06457

     PLEASE TAKE NOTICE that this case, previously pending in the Superior Court of Connecticut, Judicial District of Middlesex at Middletown, has been removed by Defendant to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441 *et seq.* A copy of the Notice of Removal that has been directed today to the United States District Court for the District of Connecticut is attached hereto as Exhibit 1.

                                          THE DEFENDANT,
                                          MERRILL LYNCH, PIERCE, FENNER
                                          & SMITH INC.,
                                          BY MCCARTER & ENGLISH
                                          ITS ATTORNEYS

                                          By _____
                                          Gregory B. Nokes
                                          Robert J. Gallo
                                          CityPlace I, 185 Asylum Street
                                          Hartford, CT  06103
                                          (860) 275-6700
                                          Juris #419091

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing NOTICE OF FILING NOTICE OF REMOVAL was mailed by certified mail, return receipt requested, postage prepaid, this 24 th day of February to:

>Andrew Houlding, Esq.
>Rome McGuigan Sabanosh
>One State Street
>Hartford, CT  06103

A copy of the foregoing NOTICE OF FILING NOTICE OF REMOVAL has been sent by hand delivery, this 24 th day of February to:

>Clerk
>United States District Court
>for the District of Connecticut
>450 Main Street
>Hartford, CT  06103

_Robert Gallo_
Robert J. Gallo

HARTFORD: 608088.01