UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THERESA DICKINSON, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) |
| v. | ) 3:04CV312 (JCH) |
| | ) |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INC., | ) |
| | ) |
| Defendant. | ) February 27, 2004 |

## ANSWER TO COMPLAINT

The Defendant, Merrill Lynch, Pierce, Fenner & Smith Inc. ("Defendant"), hereby responds to the numbered paragraphs of Plaintiff's Complaint dated January 21, 2004 as follows:

1. Admit upon information and belief.

2. Deny, except admit that Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. is a Delaware corporation with its principal place of business in New York and several offices in Connecticut. Defendant admits that it employs thousands of individuals in the United States.

3. Admit.

4. Deny.

5. Deny.

6. Deny, except admit that the Save the Children Federation (the "Federation"), based in Westport, Connecticut, was one of Defendant's clients that was serviced by Plaintiff and that Joe Stango approved a Letter of Authorization (LOA) for a wire transfer of $225,000 out of the Federation's account on or about December 4, 2002.

       7.     Deny, except admit that Defendant later discovered that the LOA was not authorized by the Foundation.

       8.     Deny, except admit that Plaintiff's employment was terminated.

       9.     Deny.

      10.    Deny, except admit that as required by law Defendant caused to be published a Form U-5, Uniform Termination Notice for Securities Industry Registration, on behalf of Plaintiff, which form accurately and truthfully reported that: "Ms. Dickinson was terminated on January 10, 2003, after she provided management with conflicting information during the course of an internal review. In addition, the firm determined that she failed to adequately service a client's account."

      11.    Deny.

      12.    Deny.

**Count One**

     1-12.    Defendant realleges and incorporates the responses to Paragraphs 1-12 of this Answer.

      13.    Deny and further aver that the allegations contained in Paragraph 13 are legal conclusions for which no response is required.

      14.    Deny.

**Count Two**

     1-12.    Defendant realleges and incorporates the responses to Paragraphs 1-12 of this Answer.

      13.    Deny and further aver that the allegations contained in Paragraph 13 are legal conclusions for which no response is required.

      14.    Deny.

**Count Three**

     1-12.    Defendant realleges and incorporates the responses to Paragraphs 1-12 of this Answer.

       13.     Deny.

       14.     Deny and further aver that the allegations contained in Paragraph 14 are legal conclusions for which no response is required.

       15.     Deny.

**Count Four**

       1-12.    Defendant realleges and incorporates the responses to Paragraphs 1-12 of this Answer.

       13.     Deny and further aver that the allegations contained in Paragraph 13 are legal conclusions for which no response is required.

       14.     Deny.

       15.     Deny.

**Count Five**

       1-12.    Defendant realleges and incorporates the responses to Paragraphs 1-12 of this Answer.

       13.     Deny and further aver that the allegations contained in Paragraph 13 are legal conclusions for which no response is required.

       14.     Deny.

       15.     Deny.

**Count Six**

       1-12.    Defendant realleges and incorporates the responses to Paragraphs 1-12 of this Answer.

       13.     Deny.

       14.     Deny.

       15.     Deny.

       16.     Deny.

**Count Seven**

        1-12.    Defendant realleges and incorporates the responses to Paragraphs 1-12 of this Answer.

        13.    Deny.

        14.    Deny and further aver that the allegations contained in Paragraph 14 are legal conclusions for which no response is required.

        15.    Deny.

        16.    Deny.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims arising under Title VII, 42 U.S.C. § 2000e et seq. because Plaintiff never obtained a right to sue from the EEOC.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Count One and Count Two fail as a matter of law because Defendant based its decision to terminate Plaintiff's employment on legitimate, nondiscriminatory business reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Count Four fail as a matter of law because Defendant owed no duty to Plaintiff as alleged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Count Five fail as a matter of law because the statement published by Defendant was made subject to an absolute privilege.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Count Five fail as a matter of law because the statement published by Defendant was made subject to a qualified privilege and without malice towards Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts Six and Seven fail as a matter of law because Plaintiff's employment with Defendant was at all times at-will and there was no contract between the parties that altered the at-will relationship.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts Six and Seven fail as a matter of law because of the statute of frauds.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, in whole or in part.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges, without admitting that Plaintiff suffered any harm or damage, that any such harm or damage allegedly suffered by Plaintiff was caused by her own intentional and/or negligent acts or omissions.

THE DEFENDANT,
MERRILL LYNCH, PIERCE, FENNER
& SMITH INC.
BY MCCARTER & ENGLISH
ITS ATTORNEYS

By _Robert Gallo_
Gregory B. Nokes (CT 06095)
Robert J. Gallo (CT 19982)
CityPlace I, 185 Asylum Street
Hartford, Connecticut  06103
(860) 275-6700

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing ANSWER TO COMPLAINT has been sent by certified mail, return receipt requested, postage prepaid, this 27th day of February, 2004 to:

>Andrew Houlding, Esq.
>Rome McGuigan Sabanosh
>One State Street
>Hartford, CT 06103

_____
Robert J. Gallo

HARTFORD: 609256.01